**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**SATTERFIELD AND PONTIKES CONSTRUCTION INC,**

**Plaintiff,**

**v.** **CASE NO. 3:15cv568-MCR/EMT**

**SOUTHEAST CONTRACTORS OF NORTH FLORIDA INC,**

**Defendant.**

**____________________________________/**

# ORDER

Pending is the Plaintiff's Motion to Compel Arbitration, ECF No. 58. Having fully considered the matter, the Court finds that the motion is due to be granted.

**Background**

In this case, Plaintiff Satterfield & Pontikes Construction, Inc. ("Satterfield") filed a Complaint to Compel Arbitration to resolve a dispute arising out of a Subcontract for the construction of new housing at the Pensacola Naval Air Station. Satterfield was the general Contractor for the project, and Defendant Southeast Contractors of North Florida, Inc. ("Southeast") was a Subcontractor responsible for providing roofing and other waterproofing work on the project. Southeast signed

the Subcontract in March 2011, and in January 2012, before the Southeast completed its work, Satterfield detected water intrusion into the building, which caused damage to the structure and delays in completing the project. According to Satterfield, Southeast's defective roofing work caused the water intrusion.

Southeast filed a Counterclaim for breach of contract, breach of the covenant of good faith, unjust enrichment, estoppel, and quantum meruit. Southeast alleges that it is owed money by Satterfield under the Subcontract, as well as for damages caused by Satterfield's delay in the selection of the roofing color, delay caused by architectural revisions, and structural delay, all of which altered and accelerated the scope of Southeast's work on the project.

The Subcontract includes a dispute resolution clause, which provides:

> 12. Dispute Resolution
>
> d. In the event any controversy or dispute arises between Subcontractor and Contractor arising from or relating to the Subcontract, which dispute or controversy does not involve the Owner or the Contract Documents, Subcontractor shall notify Contractor in writing within five (5) working days after the occurrence of the event giving rise to the Claim. If such Claim is not resolved through negotiations, Subcontractor shall request in writing mediation of the dispute with the Contractor, and the parties shall select a mutually agreeable mediator and mediate the dispute in good faith. The parties shall share the Mediator's fee and any mediation filing fees equally. Agreements reached in mediation shall be set forth in writing and executed by both parties, and shall be enforceable as settlement agreements in any court having jurisdiction thereof. Mediation of the

> dispute shall be an express condition precedent to any further rights that the Subcontractor has to the resolution of this dispute.
>
> > i. If mediation is unsuccessful, then Subcontractor and Contractor agree that the dispute shall be settled by binding arbitration in accordance with the Construction Industry Arbitration Rules (then applicable) of the American Arbitration Association. Subcontractor and Contractor agree that any disputes shall be submitted to such arbitration and shall be binding to the full extent enforceable under applicable arbitration statutes including the Federal Arbitration Act. The exclusive venue for such arbitration shall be in the county in which the project is located.
> >
> > ii. The prevailing party of any dispute arising from or related to the Subcontract shall be entitled to recover its reasonable attorney fees and costs incurred in prosecuting or defending any dispute which is arbitrated or litigated, including appellate proceeding arising out of this Subcontract. The parties waive their right to trial by jury on any issue so triable.

ECF No. 1-1, at 10-11.

This case was stayed while the parties attended mediation, which was unsuccessful. Satterfield now seeks an order to compel Southeast to participate in arbitration pursuant the terms of the Subcontract. Southeast contends that the terms of the Subcontract do not give the *Contractor* the right to compel arbitration.

**Discussion**

The Court has diversity jurisdiction over this contract/arbitration dispute.[1] Under the Federal Arbitration Act, "a written agreement in any contract to arbitrate 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1349 (11th Cir. 2014) (quoting 9 U.S.C. § 2). This provision "reflect[s] both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citation and quotations omitted). However, parties are not required to arbitrate if they have not agreed to do so. *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). Thus, the Court's first task is to determine whether there is a valid agreement to arbitrate, and if so, to "rigorously enforce" it according to its terms. *Id.* at 479 (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)); *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). In construing an agreement, the Court "must give effect to the contractual rights and expectations of the parties," *Stolt-Nielsen*

---

[1] Satterfield is a Texas corporation with its principal place of business in Texas. Southeast is a Florida corporation located in Destin, Florida. Two other subcontractors named as defendants in the suit were also Florida corporations but have been dismissed. The dispute in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1332(a).

*S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010), reading the words in context of the entire agreement to give effect to the parties' intent, *Inetianbor*, 768 F.3d at 1353. Any ambiguities regarding the scope of an arbitration clause are to be "resolved in favor of arbitration." *Inetianbor*, 768 F.3d at 1353 (quoting *Volt Info.*, 489 U.S. at 475-76).

Satterfield argues that paragraph 12(d) of the subcontract, quoted above, sets out a clear intent to arbitrate "any controversy or dispute [that] arises between Subcontractor and Contractor arising from or relating to the Subcontract" and not involving the owner. Southeast contends that because the language goes on to state that the "*Subcontractor* shall request in writing mediation of the dispute with Contractor," (emphasis added) the clause does not permit the *Contractor*, Satterfield, to compel submission of a dispute to arbitration. In other words, Southeast argues that it has not agreed to arbitrate claims brought by Satterfield. The Court disagrees.

The dispute resolution paragraph of the Subcontract, read as a whole, clearly evidences an intent that "any controversy or dispute between Subcontractor and Contractor" arising out of the Subcontract, not involving the owner, and which is not resolved by the parties' negotiations, must be submitted first to mediation and then to final and binding arbitration. Although paragraph 12(d) places on Subcontractor the duty to request mediation in writing, this does not absolve the Subcontractor

from submitting to arbitration when the Contractor brings the claim. The Subcontract states that if the parties cannot negotiate a resolution to a dispute, mediation is a condition precedent to any further rights of the Subcontractor to seek a resolution. Moreover, paragraph 12(d)(i) plainly provides that "[i]f mediation is unsuccessful, then Subcontractor and Contractor agree that the dispute shall be settled by binding arbitration." ECF No. 1-1, at 10. This language is mutual, broad, and mandatory. Because of the broad language of the dispute resolution clause, in which Southeast agreed that "*any* controversy or dispute" (emphasis added) not involving the owner and not resolved through negotiation or mediation would be settled by binding arbitration, the Court finds that this dispute is subject to arbitration, pursuant to the agreement of the parties.

Accordingly, Satterfield's Motion to Compel Arbitration, ECF No. 58, is **GRANTED**. The parties are directed to arbitrate this dispute, including Southeast's counterclaim, in a binding arbitration proceeding in accordance with the terms of the Subcontract. The case is therefore **STAYED** and administratively closed pending arbitration. The stay will be lifted on motion of either party following arbitration. If the matter is fully resolved prior to completion of arbitration or by the binding

arbitration, the parties are directed to promptly notify the Court and dismiss the case.

**DONE AND ORDERED** this 26th day of February 2018.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**